NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANKLIN MUTUAL INSURANCE COMPANY A/S/O WALTER KOLLER, | OPINION |
| Plaintiff, | No. 2:14-cv-0222 (WHW)(CLW) |
| v. |  |
| SEAN & LYDIA GROENWALD, FLUIDMASTER, INC. and JACUZZI, INC., |  |
| Defendants. |  |

**Walls, Senior District Judge**

The Groenwald Defendants move to remand this action to state court. The Court has decided and grants the motion without oral argument under Federal Rule of Civil Procedure 78(b).

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Franklin Mutual Insurance Company ("FMI") filed a complaint in New Jersey Superior Court on December 6, 2013 as subrogee of Walter Koller ("Mr. Koller"). Notice of Removal Ex. A (ECF No. 1-2).The complaint alleges the following:

FMI insured Mr. Koller for a property at 1 Lydia Drive, West New York, New Jersey, and Sean & Lydia Groenwald ("the Groenwald Defendants") "owned the unit above." Compl. at 1 ¶¶ 2-3. On or about October 9, 2011, Mr. Koller suffered damage due to "a flood of water emanating from the upstairs unit owned by the defendants, Groenwald." Compl. at 1 ¶¶ 6-7.[1] The

---

[1] The Groenwalds' insurance company and the condominium association's insurance company have initiated a separate lawsuit against Fluidmaster and Jacuzzi, which is also assigned to this Court. *Encompass Ins. Co. a/s/o Sean Groenewald and Thao Groenewald, et al. v. Fluidmaster, Inc., et al.*, No. 13-cv-4957 (WHW)(CLW). It is unclear if they are the same individuals, since that case spells the surname differently and lists "Thao" instead of "Lydia."

1

apparent cause of the flood was the Groenwalds' toilet. Plaintiff alleges that the damage "was a result of the negligence" of the Groenwald Defendants, *id.* First Count ¶ 2, that a "fill valve" manufactured by Defendant Fluidmaster "failed," *id.* Second Count ¶¶ 2-3, and that an overflow tube manufactured by Defendant Jacuzzi "failed," *id.* Third Count ¶ 3. Plaintiff alleges that the corporate defendants negligently or defectively designed and manufactured these components, and that they therefore are liable for negligence and breaches of express and implied warranties and are strictly liable under the Product Liability Act. *Id.* Second Count ¶¶ 4, 6, Third Count ¶¶ 3, 5.

Defendant Jacuzzi, Inc. ("Jacuzzi") removed the action to this Court on January 13, 2014, claiming that the parties are diverse and the amount in controversy exceeds $75,000. ECF No. 1. The Notice of Removal states that FMI (improperly listed as "Liberty Mutual Insurance Company") is a New Jersey Corporation and that Jacuzzi and Fluidmaster are citizens of California, but does not mention the Groenwald Defendants. *Id.* ¶¶ 6-8. Jacuzzi filed an answer and cross claims on February 4, 2014. ECF No. 5. The Groenwalds were served on May 5, 2014, ECF No. 9, and filed an answer and cross claims on June 26, 2014, ECF No. 14. Fluidmaster was served on May 7, 2014, ECF No. 10, and filed an answer and cross claims on June 11, 2014, ECF No. 12.

On July 24, 2014, the Groenwalds moved to remand this case to state court. ECF No. 15. They claim that complete diversity is lacking because they and Plaintiff FMI are citizens of New Jersey. *Id.* at 1. In opposition, Jacuzzi argues that the Groenwald Defendants were fraudulently joined to the case. Def. Jacuzzi's Opp'n at 1 (ECF No. 16). Though they were named in the caption of the complaint, Jacuzzi believes that "Plaintiff did not articulate any cause of action against the Groenwalds," *id.* at 3, and that, at the time of removal, Jacuzzi was the only

**NOT FOR PUBLICATION**

Defendant who had been served, *id.* The Defendants disagree about whether to remove: Plaintiff FMI filed a "certification in reply" joining the Groenwalds, ECF No. 17, who also submitted a reply, ECF No. 18.

## STANDARD OF REVIEW

Under federal statute, "[i]f at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. §1447(c) (2012). Faced with a motion to remand, the removing party has the burden of establishing the propriety of removal. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *see also Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) ("The removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court."). Moreover, "removal statutes are to be strictly construed against removal, and all doubts resolved in favor of remand." *Boyer*, 913 F.2d at 111 (citation and quotation marks omitted). If the basis of removal is diversity jurisdiction, the normal requirements apply, including the need for "complete diversity": if any two adverse parties are citizens of the same state, there is no jurisdiction. *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006).

## DISCUSSION

The Court finds that the parties are not completely diverse and, because the Court lacks subject matter jurisdiction, it must remand this action to the state court.

### I. Fraudulent Joinder and "Pre-Service Removal"

Jacuzzi asserts that removal was proper and this Court should disregard the Groenwald Defendants' New Jersey citizenship for two reasons: because they are in the case only as the

result of "fraudulent" or improper joinder and because they had not been served at the time of removal. The Court considers each of these rationales and finds them unavailing.

### a) The Claims Against the Groenwalds are "Colorable"

"Improper joinder is the practice of naming a forum-resident entity as a defendant solely to prevent an action from being removed to federal court (either by implicating the forum defendant rule, or by destroying diversity jurisdiction)." *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 643 n.1 (D.N.J. 2008). "Joinder is fraudulent if there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Briscoe*, 448 F.3d at 216 (citation and quotation marks omitted). On the other hand, a claim is considered "colorable" as long as it is not "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). It is easier for a claim to be "colorable" than to survive a motion to dismiss under Rule 12(b)(6), which inquiry is "more searching." *Id.* When considering a claim of fraudulent joinder, the court "must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff" and "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (citation and quotation marks omitted). The inquiry "focus[es] on the plaintiff's complaint at the time the petition for removal was filed." *Batoff*, 977 F.2d at 851 (citation and quotation marks omitted).

Plaintiff's complaint states a "colorable" claim against the Groenwald Defendants. Jacuzzi's assertion that it does not is based on a copy of the complaint lacking the page containing the First Count, which accuses the Groenwalds of negligence. *Cf.* Notice of Removal

**NOT FOR PUBLICATION**

Ex. A (ECF No. 1-2) and FMI Br. in Reply to Groenwald Defs.' Mot. to Remand, Ex. A (ECF No. 17-1). It is not hard to imagine that the owners of an upstairs unit which flooded, causing damage to the unit below, may have been negligent in a way that contributed to the damage. Because there is a clear possibility that a state court would find this cause of action adequately stated, Jacuzzi's fraudulent joinder argument comes up short.

### b) The Belated Service to the Groenwald Defendants Does Not Prohibit Remand

The Court now turns to the question of whether complete diversity existed at the time that Jacuzzi removed because the other Defendants had not yet been "joined and served."

Federal statute provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). If the basis for removal is diversity, then this "forum defendant" rule "imposes another condition above the requirements of original diversity jurisdiction." *Sullivan*, 575 F. Supp. 2d at 642. In other words, assuming that the parties are completely diverse and the amount in controversy is met, a forum defendant cannot remove; only a non-forum defendant can. *See* Wright & Miller § 3723 (explaining that the statute "limits the right of removal to non-citizen defendants"). But even a non-forum defendant may not remove if a co-defendant is from the forum. "The forum defendant rule . . . recognizes that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of local bias is reduced, if not eliminated." *Hokanson v. Kerr Corp.*, No. 13-cv-4534 (MLC), 2014 WL 936804, at *2 (D.N.J. Mar. 10, 2014) (citation and quotation marks omitted).

Courts frequently express concern that the forum defendant rule encourages forum shopping. "[G]iven that the purpose of the 'properly joined and served' language is to prevent

5

one form of gamesmanship—improper joinder—the court finds that allowing defendants to engage another type of gamesmanship—a hasty filing of a notice of removal—is demonstrably at odds with Congressional intent." *Sullivan*, 575 F. Supp. 2d at 647; *see also DeAngelo-Shuayto v. Organon USA Inc.*, No. 07-cv-2923 (SRC), 2007 WL 4365311, at *3 (D.N.J. Dec. 12, 2007) ("[A] literal interpretation of the provision creates an opportunity for gamesmanship by defendants, which could not have been the intent of the legislature in drafting the 'properly joined and served' language.")

The issue here is whether a non-forum defendant may remove a case where a plaintiff has joined, but has not served, a forum defendant.[2] There is no clear guidance from the Third Circuit on the issue[3] and there are cases in this district going both ways. Some say that § 1441(b) prohibits remand in a case like this one because the plain text of the statute makes removal unassailable if no forum defendant has been served. *See, e.g.*, *Poznanovich v. AstraZeneca Pharm. LP*, No. 11-cv-4001 (JAP), 2011 WL 6180026, at *4 (D.N.J. Dec. 12, 2011) (explaining the split in the district regarding "pre-service removal" and finding, in a matter where the parties were otherwise completely diverse, that cases taking this approach represent the "weight of the authority and better reasoning"). Others say that such a reading produces absurd results. In *Williams v. Daiichi Sankyo, Inc.*, plaintiffs filed a state court complaint and then served defendants two weeks later. No. 14-cv-863 (JEI), 2014 WL 1391240, at *5 (D.N.J. Apr. 9,

---

[2] The Court reviewed the state court docket but was not able to discern if any of the parties had been served in that matter. Jacuzzi acknowledged service on January 13, 2014. Cert. of A. Kaplan, Ex. C (ECF No. 16-1).

[3] "The Third Circuit Court of Appeals has yet to address the issue" of "whether non-forum defendants can remove an action where there is an unserved Forum Defendant named in the action." *Hokanson*, 2014 WL 936804, at *2.

**NOT FOR PUBLICATION**

2014). In the interim, the non-forum defendants—who had apparently became aware of the case by monitoring the state docket—removed the case before being served. *Id.* "In the absence of any evidence that the joinder of the forum Defendants was improper," the court held that the removal "violated the forum defendant rule." *Id.* Underlying the decision was the general principle that "Courts within the Third Circuit must resolve all doubts in favor of remand." *Id.* at *4. *See also Sullivan*, 575 F. Supp. 2d at 646 ("[R]emovability cannot rationally turn on the timing or sequence of service of process." (citation omitted)); *Fields v. Organon USA Inc.*, No. 07-cv-2922 (SRC), 2007 WL 4365312, at *4 (D.N.J. Dec. 12, 2007) ("This Court acknowledges that the plain language of § 1441(b) does appear to imply that a forum defendant may remove an action as long as it does so before being served. However, such a bizarre result cannot possibly have been the intent of the legislature."); *Hokanson*, 2014 WL 936804, at *2.

This Court agrees that "removability cannot rationally turn on the timing or sequence of service of process." This holding is in accord with the guidance from Wright and Miller: "It is insufficient . . . that service of process simply has not been made on a non-diverse party; the case may not be removed until that party actually has been dismissed from the case." 14B Charles Alan Wright, Arthur R. Miller et al., Fed. Prac. & Proc. Juris. § 3723 (4th ed. 2014) ("Wright & Miller"). Defendant Jacuzzi removed in January; the Groenwald Defendants were not served until May. It is clear that no forum defendant had been properly served at the time of removal and the Court recognizes that in many of the other cases reaching this result, service was effected within a few days or weeks of removal. Here Plaintiff waited four months. Service appears to have been timely under the Federal Rules of Civil Procedure and there is no argument before the Court that it was not. The Court sees no reason why the principle of *Sullivan* and its progeny

should not apply where service was timely and there is no plausible suggestion that the Groenwalds were improperly joined.

Further, the cases where courts in this district have held otherwise are distinguishable. In *Poznanovich*, as example, no defendant was a citizen of the plaintiff's home state of Illinois, and the court limited its holding: "the presence of an unserved forum defendant does not prohibit removal by a non-forum defendant *in cases where complete diversity exists*." 2011 WL 6180026, at *4 (emphasis added). Here, the parties are not completely diverse, and the Court has the power to "remand a removed case at any time prior to the entry of judgment, when the court discovers the lack of subject-matter jurisdiction." Wright & Miller § 3739; 28 U.S.C. §1447(c).

Because the parties are not completely diverse, the belated service on the forum defendants does not render Defendant Jacuzzi's removal proper.

**II.     Costs and Fees**

As noted earlier, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. 1447(c). The Court finds that such a sanction upon Jacuzzi is not appropriate here.

The Court has discretion to award attorneys' fees in connection with a remand order where the removing party lacked an "objectively reasonable basis" for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In a decision from this district granting remand on facts similar to the facts here, the court held that "[g]iven this split" of authority on the question of pre-service removal, "the Court cannot conclude that [defendants] lacked an objectively reasonable basis for removal." *Williams*, 2014 WL 1391240 at *6.

It is suspicious that Jacuzzi attached to its Notice of Removal a copy of the complaint lacking the count against the forum defendants, and elided them from its listing of the parties'

**NOT FOR PUBLICATION**

citizenship. ECF No. 1 ¶¶ 6-8. Assuming that these were accidental oversights—the Court has no reason to think otherwise, especially since the Notice of Remand included the same erroneous complaint, ECF No. 15-3—and in light of the district split on this issue, this was an objectively reasonable basis for seeking removal. The Court will not require payment of costs or fees.

## CONCLUSION

The motion to remand is granted. This action will be remanded to Superior Court of New Jersey, Law Division, Hudson County. An appropriate order follows.

Date: August 13, 2014

                                        **/s/  William H. Walls**
                                        United States Senior District Judge